UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OLUKAYODE DAVID OJO,

                Plaintiff,

   -against-

UNITED STATES OF AMERICA, WARDEN
FRANK STRADA, and ASST. WARDEN
WHITE,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**15-CV-6089 (ARR)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Olukayode David Ojo, proceeding *pro se*, filed this action on October 20, 2015, alleging that he received inadequate dental treatment while in the custody of the Federal Bureau of Prisons ("BOP") at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. On August 14, 2018, the Court granted partial summary judgment for defendant on all but two of plaintiff's claims. Mem. and Order, ECF No. 77. Defendants renewed their motion for summary judgment as to one of the remaining claims, and the Court granted defendants' motion on March 4, 2019. Mem. and Order, ECF No. 93. The Court then held a number of conferences, during which the parties discussed settlement of plaintiff's remaining claim against the United States alleging negligence under the Federal Tort Claims Act ("FTCA"). See ECF Nos. 95–96, 102–03, 104–05, 106–07. The parties settled this case on the record at a conference held on July 30, 2019, ECF Nos. 109–10, and filed a stipulation discontinuing this matter on September 4, 2019, ECF No. 111. The case was dismissed with prejudice on September 6, 2019. ECF No. 112.

Plaintiff now moves for an "order to show cause...why an order reopening and enforcing the settlement agreement…should not be granted." ECF No. 117. The Court liberally construes plaintiff's request as a motion to reopen the dismissal and vacate the judgment entered on

1

September 10, 2019, see ECF No. 113, pursuant to Federal Rule of Civil Procedure 60(b) ("Fed. R. Civ. P."). The Honorable Allyne R. Ross referred plaintiff's motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, I respectfully recommend that plaintiff's motion should be denied.

## BACKGROUND

In a criminal case before this Court, plaintiff was found guilty of (1) conspiracy to commit wire fraud and (2) conspiracy to possess with intent to use unlawfully five or more false identification documents. See Jury Verdict, USA v. Ojo, No. 13-CR-334, ECF No. 50. Plaintiff was sentenced on February 27, 2014 to thirty-seven months of imprisonment and ordered to pay restitution to his victims in the amount of $92,152.00.[1] See Criminal Judgment at 3, 6–7, USA v. Ojo, No. 13-CR-334, ECF No. 75. During sentencing, Judge Ross clearly stated that $92,152.00 would be imposed as restitution but waived any interest accrued on the restitution amount. See Sentencing Transcript ("S. Tr.") at 42:18–23, Plf.'s Mot., ECF No. 117-3.

On October 20, 2015, plaintiff brought the instant action against the United States and several law enforcement officials at the MDC, alleging that while he was serving his sentence, he received "inadequate and negligent dental care resulting in severe bone loss and extensive damages to his two front teeth." Mem. and Order at 1, ECF No. 93. All of plaintiff's claims were dismissed on summary judgment, except for his negligence claim against the United States under the FTCA. ECF Nos. 77, 93. At a court conference on July 30, 2019, the parties agreed to settle

---

[1] The Mandatory Victims Restitution Act ("MVRA") requires courts, as part of the defendant's criminal sentencing, to order restitution for "certain categories of crimes that inflict physical injury or property loss on their victims." United States v. Thompson, 792 F.3d 273, 277 (2d Cir. 2015). The MVRA also imposes a duty on the United States to collect unpaid restitution owed to crime victims. See 18 U.S.C. § 3612(c). Courts are required to "ensure that crime victims are afforded the right to" full and timely restitution. United States v. Moglia, 573 F. Supp. 3d 850, 852 (E.D.N.Y. 2021) (granting the United States' motion for an order directing defendant to turn over funds to be applied towards defendant's restitution obligation).

2

the case for $70,000. ECF No. 110. The parties also agreed on the record that the settlement amount would be offset against the restitution judgment in plaintiff's criminal case. See Transcript of Civil Cause for Conference ("Tr.") at 7:13–8:17, ECF No. 115. The parties filed a stipulation of dismissal on September 4, 2019. ECF No. 111. The Court so ordered the parties' stipulation, entered judgement, and dismissed this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii). ECF Nos. 112–13.

Over a year later, on October 8, 2020, plaintiff brought another civil case against the United States and a number of individual defendants, alleging, *inter alia*, that the settlement amount in this case was wrongfully applied to the restitution judgment in his criminal sentence. Compl. ¶¶ 41, 48, 52, 55, 62–69, Ojo v. United States of America, No. 20-CV-4882, ECF No. 1. The Court dismissed the action on September 6, 2022 for lack of subject matter jurisdiction over plaintiff's claims. Mem. and Order at 1, Ojo v. United States of America, No. 20-CV-4882, ECF No. 30. Specifically, the Court found that the United States as a sovereign entity was immune from suit and that the United States had not waived its sovereign immunity. Id. at 8–11.

Now, plaintiff argues that the United States has "willfully failed to pay the settlement amount as agreed upon" and has "falsely claimed to have used the settlement amount to offset plaintiff's criminal restitution." Plf.'s Mem. of Law, ECF No. 117-1 at 1, 3. Plaintiff seeks an "order to show cause as to why the…case should not be reopened and the settlement agreement stipulated between him and the United States of America be enforced." Id. The Court construes plaintiff's motion as one to vacate the final judgment entered on September 9, 2019 pursuant to Fed. R. Civ. P. 60(b).

## DISCUSSION

Under Rule 60(b) of the Federal Rules of Civil Procedure, the Court may in its discretion relieve a party from a final judgment based on one of the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged, or (6) any other reason justifying relief from operation of the judgment. Fed. R. Civ. P. 60(b). "[S]ince Rule 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58 (2d Cir. 1986). Additionally, a Rule 60(b) motion "must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Here, plaintiff contends that the United States "fraudulently claimed that [he] was ordered to pay restitution" and "engaged in abusive tactics" warranting vacatur of the judgment. Plf.'s Mem. of Law, ECF No. 117-1 at 2–3. Construed liberally, plaintiff seeks relief pursuant to Rule 60(b)(3) for fraud, misrepresentation, or misconduct by the United States as the opposing party. Motions pursuant to Rule 60(b)(3) must be brought within one year of the entry of judgment. Plaintiff's motion should therefore be denied as untimely, as plaintiff filed the instant motion on July 24, 2023, almost four years after the entry of judgment and well outside the one-year time limit.

Even if plaintiff's motion were timely, plaintiff has not demonstrated "exceptional circumstances" warranting vacatur of the Court's judgment. The transcript from the July 31, 2019 conference makes clear that plaintiff understood and agreed to the terms of the settlement:

> **The Court:** Mr. Ojo, we had discussed in prior conferences that you do have a restitution order against you in the criminal case….
>
> **Mr. Ojo:** Yes.
>
> **The Court:** I want to make sure. Is the money actually going to be sent to Mr. Ojo or how will it work, … because he's agreeing to settle the case for $70,000, but I believe he has a restitution in the amount of $92,000 that's owed to the United States.
>
> **United States:** That's correct, Your Honor, with respect to the restitution judgment. We've spoken about this extensively and I have explained to Mr. Ojo that when the payment is processed by Treasury it will be offset against his restitution judgment and he has told me that he understands that.
>
> **The Court:** Mr. Ojo, do you understand that?
>
> **Mr. Ojo:** Out of funds… yes, Your Honor….
>
> **The Court:** … What I'm trying to make sure of is that when the Government executes against this settlement that you're not going to try to withdraw from this settlement saying that you didn't know that they were going to offset the restitution with the settlement. Do you understand that?
>
> **Mr. Ojo:** I understand that, Your Honor.

Tr. at 7:09–8:17. Furthermore, plaintiff acknowledged that he was settling the case voluntarily:

> **The Court:** Mr. Ojo, are you entering into this agreement to settle your case voluntarily and of your own free will?
>
> **Mr. Ojo:** Yes, Your Honor.

Tr. at 6:11-13. The transcript also reveals that plaintiff had approximately one month to consider the stipulation discontinuing this case before he signed it. Tr. at 8:18–9:10, 10:23-25.

Plaintiff provides no evidence beyond his own assertions that the United States "engaged in abusive tactics" in reaching a settlement in this matter. There is no support for plaintiff's

argument. Accordingly, plaintiff's request to "reopen" this case, construed as a motion to vacate, should be denied.[2]

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 27, 2023
      Brooklyn, New York

---

[2] Plaintiff requests to reopen the case to "enforce" the settlement reached between the parties but does not demonstrate that the United States has failed to comply with the settlement. In responding to plaintiff's motion, the United States goes to great length to argue that the Court has not retained jurisdiction to enforce the settlement agreement. Given that the Court liberally construes plaintiff's request as a motion to vacate under Rule 60(b), and recommends that the motion should be denied, the Court need not address whether it retained jurisdiction over this matter.