UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OLUKAYODE DAVID OJO,

           *Plaintiff*,

-against-

UNITED STATES OF AMERICA, WARDEN
FRANK STRADA, and ASST. WARDEN
WHITE,

           *Defendants*.

15-CV-6089 (ARR) (LB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    Plaintiff Olukayode David Ojo, proceeding *pro se*, seeks an order "reopening" this case and "enforcing the settlement agreement" between himself and the United States. ECF No. 117. I have received a Report and Recommendation ("R. & R.") on the motion from the Honorable Lois Bloom. *See* R. & R., ECF No. 124. Judge Bloom recommends that Mr. Ojo's motion—construed as a motion to vacate the judgment dismissing the case—be denied. *Id*. at 1–2, 6. Mr. Ojo objects that the R. & R. does not address his request to enforce the settlement agreement. *See* Pl.'s Mot. for Recons. 2 ("Objection Mot."), ECF No. 125.

    I consider *de novo* Mr. Ojo's request for settlement enforcement and conclude that I do not have jurisdiction to enforce the settlement agreement. I also find no clear error in Judge Bloom's determination that vacatur of judgment is inappropriate. Accordingly, Mr. Ojo's motion is denied.

## BACKGROUND

    I assume familiarity with the underlying facts as detailed in Judge Bloom's R. & R. and provide only a summary of the relevant facts here.

In 2013, a jury found Mr. Ojo guilty of wire fraud and conspiracy to commit fraud in connection with identification documents. *See United States v. Ojo*, No. 13-CR-334 (ARR) (E.D.N.Y.), Jury Verdict, ECF No. 50. I sentenced Mr. Ojo to thirty-seven months' imprisonment and ordered him to pay restitution to his victims in the total amount of $92,152. *See id.*, Criminal Judgment 3, 6, ECF No. 75.

Mr. Ojo brought the instant action in 2015, alleging that while serving his sentence at the Metropolitan Detention Center ("MDC") in Brooklyn, he received inadequate dental care that resulted in "serious and permanent personal injuries." Compl. ¶¶ 1–2, 72, ECF No. 1. I dismissed all of Mr. Ojo's claims except his negligence claim against the United States under the Federal Tort Claims Act ("FTCA"). *See* Op. & Order 22, ECF No. 77; Op & Order 23, ECF No. 93. The parties eventually settled the case for $70,000. *See* Tr. of Telephonic Conference ("Tr.") 3:14-25, ECF No. 115. In a conference before Judge Bloom, Mr. Ojo stated that he understood this settlement award would be offset against the outstanding restitution judgment in his criminal case. *See id.* at 7:9–8:17. I dismissed the action with prejudice on September 6, 2019, pursuant to the parties' stipulation of dismissal. *See* Order of Dismissal 2, ECF No. 112.

On October 8, 2020, Mr. Ojo filed suit against the United States, the Department of Justice, and two individual defendants alleging, *inter alia*, that his settlement award was wrongfully applied to his criminal restitution judgment. *Ojo v. United States et al.*, 20-CV-4882 (MKB) (E.D.N.Y.), Compl. ¶¶ 34, 41–48, ECF No. 1. Judge Brodie dismissed these claims for lack of subject matter jurisdiction. *See id.*, Mem. & Order 7–8, 10–12, ECF No. 8; *id.*, Mem. & Order 13, ECF No. 30.

Following dismissal of the claims in the case before Judge Brodie, Mr. Ojo filed a motion in this case requesting that I issue an Order to Show Cause why the case "should not be reopened

and the settlement agreement stipulated between him and the United States of America be enforced." Pl.'s Mem. L in Supp. 1, ECF No. 117-1. Mr. Ojo principally asserts that the government has violated the settlement agreement by offsetting his award against his restitution judgment. *Id*. at 2. I referred the motion to Judge Bloom, *see* Docket Order dated July 28, 2023, who recommends that Mr. Ojo's motion be denied, *see* R. & R. 6. Mr. Ojo timely filed objections to the R. & R. *See* Objection Mot.; Docket Order dated Oct. 18, 2023 (construing Mr. Ojo's motion as objections).

## LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). If a party timely objects to proposed findings or recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*; *see* Fed. R. Civ. P. 72(b). Where no timely objections are filed, the court "need only satisfy itself that there is no clear error on the face of the record." *Chao v. Int'l Bhd. of Indus. Workers Health & Welfare Fund*, 97 F. Supp. 3d 268, 277 (E.D.N.Y. 2015) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)). Where an R. & R. does not address a certain issue, the district judge's review is likewise *de novo*. *See Charles v. Cnty. of Nassau*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015). Because Mr. Ojo is proceeding *pro se*, his filings shall be liberally construed. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

## DISCUSSION

Judge Bloom construes Mr. Ojo's motion for an order to show cause as a motion to vacate final judgment pursuant to Federal Rule of Civil Procedure 60(b). R. & R. 1–2. Mr. Ojo objects to this interpretation of his motion, arguing that he does not wish to vacate the dismissal but rather

3

seeks "to enforce the settlement agreement" between himself and the government. Mem. L. in Supp. Pl.'s Objection 3, ECF No. 129; *see also* Objection Mot. 2. Because the R. & R. does not address settlement enforcement, *see* R. & R. 6 n.2, I will consider this issue *de novo*. *See Charles*, 116 F. Supp. 3d at 121. I then review for clear error Judge Bloom's determination that Mr. Ojo's request to reopen the case, construed in the alternative as a motion to vacate, should be denied.

   I.   **Motion to Enforce the Settlement.**

"A federal court does not automatically retain jurisdiction to hear a motion to enforce or otherwise apply a settlement in a case that it has previously dismissed." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011). To retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). My order dismissing this case did not expressly retain jurisdiction over the settlement agreement, nor did it incorporate the terms of the settlement agreement. *See* Order of Dismissal 1–2. Although the order referenced the existence of the settlement, *id.* at 1, and although Judge Bloom discussed the agreement with the parties in a conference, *see* Tr. 2:17–10:10, a judge's "mere awareness and approval of the terms of the settlement agreement" is not enough to create ancillary jurisdiction. *Hendrickson*, 791 F.3d at 359 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).

When a district court lacks ancillary jurisdiction to enforce a settlement agreement, enforcement is left "for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 362 (quoting *Kokkonen*, 511 U.S. at 382). Here, Mr. Ojo seeks to enforce a settlement agreement with the federal government reached in connection with his FTCA claim. The Second Circuit has construed motions like Mr. Ojo's as contract claims against the United

4

States. *See Hendrickson*, 791 F.3d at 356–57, 362. Where the contract claim is for an amount exceeding $10,000 (here, the $70,000 settlement award), jurisdiction lies with the Court of Federal Claims rather than the district court. *Id.* at 362–63 (citing 28 U.S.C. §§ 1346(a); 1491(a)(1)). And although I may transfer this action to the Court of Federal Claims, *see* 28 U.S.C. § 1631, I decline to do so here. Mr. Ojo was aware that his settlement award would be offset against his restitution judgment when he voluntarily entered into the agreement with the government, *see* Tr. at 6:11-20, 7:09–8:17. *See Young v. United States*, 88 Fed. Cl. 283, 292 (2009) ("If a claim is determined to be frivolous, it is not in the interest of justice to transfer the case to another court"). Mr. Ojo's motion, construed as a motion to enforce the settlement agreement, is therefore denied.

**II.  Motion to Vacate.**

Though Mr. Ojo objects to Judge Bloom's interpretation of his motion, he does not appear to object to the substance of her determination that vacatur under Rule 60(b) is not warranted. As such, I review Judge Bloom's reasoning for clear error. Finding none, I adopt this portion of the R. & R. as the opinion of the Court. Mr. Ojo's request to "reopen" this case, construed in the alternative as a motion to vacate, is denied.

## CONCLUSION

For the reasons above, Mr. Ojo's motion is denied.

SO ORDERED.

                                            /s/
                                      Allyne R. Ross
                                      United States District Judge

Dated:   December 18, 2023
            Brooklyn, New York