UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OLUKAYODE DAVID OJO,

          *Plaintiff*,

-against-

UNITED STATES OF AMERICA, WARDEN FRANK STRADA, and ASST. WARDEN WHITE,

          *Defendants*.

15-CV-6089 (ARR) (LB)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff Olukayode David Ojo, proceeding *pro se*, moves for reconsideration of my prior opinion denying his motion to reopen this case and enforce a settlement agreement between himself and the United States. *See* Mot. Reconsider & Enforce Settlement ("Mot. Reconsideration"), ECF No. 131. For the reasons below, his motion for reconsideration is denied.

## BACKGROUND

In 2013, a jury found Mr. Ojo guilty of wire fraud and conspiracy to commit fraud in connection with identification documents. *United States v. Ojo*, No. 13-CR-334 (ARR) (E.D.N.Y.), Jury Verdict, ECF No. 50. I sentenced Mr. Ojo to 37 months' imprisonment and ordered him to pay restitution to his victims in the total amount of $92,152. *Id.*, Criminal Judgment 3, 6, ECF No. 75. The Second Circuit affirmed Mr. Ojo's conviction, *United States v. Ojo*, No. 14-635 (2d Cir.), Summary Order & J., ECF No. 146, and the Supreme Court denied certiorari, *id.*, Notice, ECF No. 149. Mr. Ojo then moved to vacate his conviction pursuant to 28 U.S.C. § 2255, and I denied his motion. *United States v. Ojo*, No. 13-CR-334 (ARR) (E.D.N.Y.), Op. & Order, ECF No. 93.

In 2015, Mr. Ojo brought the instant action, alleging that while serving his criminal sentence at the Metropolitan Detention Center ("MDC") in Brooklyn, he received inadequate dental care that resulted in "serious and permanent personal injuries." Compl. ¶¶ 1–2, 72, ECF No. 1. I dismissed all of Mr. Ojo's claims except his negligence claim against the United States under the Federal Tort Claims Act ("FTCA"). Op. & Order 22, ECF No. 77; Op & Order 23, ECF No. 93. The parties eventually settled the case for $70,000. *See* Tr. of Telephonic Conference 3:14-25, ECF No. 115. In a conference before the Honorable Lois Bloom, United States Magistrate Judge, Mr. Ojo stated that he understood this settlement award would be offset against the outstanding restitution judgment in his criminal case. *Id*. at 7:9–8:17. I dismissed the action with prejudice on September 6, 2019, pursuant to the parties' stipulation of dismissal. Order of Dismissal 2, ECF No. 112.

On October 8, 2020, Mr. Ojo initiated a separate suit against the United States, the Department of Justice, and two individual defendants alleging, *inter alia*, that his settlement award was wrongfully applied to his criminal restitution judgment. *Ojo v. United States et al*., 20-CV-4882 (MKB) (E.D.N.Y.), Compl. ¶¶ 34, 41–48, ECF No. 1. The Honorable Judge Brodie, United States District Judge, dismissed these claims for lack of subject matter jurisdiction. *Id*., Mem. & Order 7–8, 10–12, ECF No. 8; *id*., Mem. & Order 13, ECF No. 30.

Following the dismissal of the case before Judge Brodie, Mr. Ojo filed a motion in this case requesting that I issue an Order to Show Cause why the case "should not be reopened and the settlement agreement stipulated between him and the United States of America be enforced." Pl.'s Mem. Supp. Order to Show Cause 1, ECF No. 117-1. I referred the motion to Judge Bloom, who construed it as a motion to vacate final judgment pursuant to Federal Rule of Civil Procedure 60(b) and recommended that the motion be denied. Report & Recommendation 4–6 ("R. & R."), ECF

No. 124. Mr. Ojo objected, arguing that his motion should instead be construed as a motion to enforce the settlement agreement. Mot. Reconsideration re: R. & R. 2, ECF No. 125; *see* Docket Order dated Oct. 18, 2023 (construing Mr. Ojo's motion as objections to the R. & R.). In my opinion dated December 18, 2023, I adopted the portion of Judge Bloom's R. & R. that recommended dismissal of the motion construed as a motion to vacate, and I considered *de novo* the alternate construction of Mr. Ojo's motion as a motion to enforce the settlement agreement. Op. & Order 3–5 ("Prior Op."), ECF No. 130. I determined that the Court of Federal Claims had exclusive jurisdiction over Mr. Ojo's motion to enforce, but I declined to transfer the matter to that court on the grounds that Mr. Ojo's claim lacked merit. *Id*. at 5. Mr. Ojo then moved for reconsideration of my decision. *See* Mot. Reconsideration.

## LEGAL STANDARD

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted); *see also Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

## DISCUSSION

Mr. Ojo raises nine grounds for reconsideration, each related to (a) my construction of his motion; (b) my determination that this court lacked subject matter jurisdiction over the motion to enforce the settlement agreement; or (c) my decision not to transfer the matter to the Court of Federal Claims. *See* Mot. Reconsideration ¶¶ I–IX. I consider these arguments below.

3

### I. Construction of Motion

First, Mr. Ojo argues that I "misconstrued [his] motion as a request to 'reopen' the case and vacate the dismissal judgment," and that his motion should be liberally construed as a motion to enforce the settlement agreement. Mot. Reconsideration ¶¶ I, IX. Mr. Ojo is correct that, because he is proceeding *pro se*, his motion should be liberally construed. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017); *see also* Prior Op. 3 (citing *McLeod*). However, he ignores the fact that my prior opinion *did* address his motion as a motion to enforce the settlement agreement and denied the motion under that construction. Prior Op. 4–5. As such, these arguments are not valid grounds for reconsideration.

### II. Subject Matter Jurisdiction

Mr. Ojo next argues that I erred in concluding that this court lacks subject matter jurisdiction over his motion to enforce the settlement agreement. In my prior opinion, I explained that where, as here, a federal court dismisses a case pursuant to a stipulation of dismissal, the court does not automatically retain jurisdiction to enforce a settlement agreement between the parties. *Id*. at 4 (quoting *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011)). Rather, the court must retain jurisdiction expressly or by incorporating the terms of the settlement agreement into its order of dismissal. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). If the court takes neither of these steps, a motion to enforce the agreement represents "a claim for breach of a contract" that requires an "independent basis for federal jurisdiction." *Id*. Accordingly, a motion to enforce a settlement agreement between a plaintiff and the United States should be construed as a contract claim against the United States; where the contract claim concerns an amount exceeding $10,000, jurisdiction lies with the Court of Federal Claims rather than the district court. *Hendrickson v. United States*, 791 F.3d 354, 356–57, 362 (2d Cir. 2015)

4

(citing 28 U.S.C. §§ 1346(a); 1491(a)(1)). In my prior opinion, I concluded that I had not retained jurisdiction to enforce the settlement agreement between Mr. Ojo and the United States, nor did my order dismissing the case incorporate the terms of the settlement agreement; I further reasoned that because Mr. Ojo's motion to enforce concerned his $70,000 settlement award, the Court of Federal Claims had jurisdiction. Prior Op. 4–5.

Objecting to this conclusion, Mr. Ojo argues that even though my dismissal order "did not explicitly retain jurisdiction," this court "implicit[ly]" retained jurisdiction based on Judge Bloom's involvement in the settlement conferences and the fact that my dismissal order "reference[d] the agreement's existence." Mot. Reconsideration ¶¶ IV, VIII. This theory of jurisdiction conflicts with controlling law. The Second Circuit has made clear that "there are *only* two ways in which a district court may retain ancillary jurisdiction to enforce the terms of a settlement agreement: it may expressly retain jurisdiction over enforcement of the agreement in an order of the court, or it may incorporate the terms of that agreement." *Hendrickson*, 791 F.3d at 359–60 (cleaned up) (emphasis added). Moreover, the circuit court has specifically rejected the argument that a court may retain jurisdiction by "[m]erely acknowledging the existence of the settlement" or otherwise placing a "judicial imprimatur" on the agreement, such as by participating in the settlement process. *Id*. (cleaned up). I therefore cannot accept Mr. Ojo's argument that this court implicitly retained jurisdiction to enforce the settlement agreement.

Mr. Ojo also argues that this court has subject matter jurisdiction because his "contract claim" against the government "arises out of a settlement agreement reached in connection with a previously existing FTCA claim within this [c]ourt's jurisdiction." Mot. Reconsideration ¶ II. This argument, too, conflicts with binding case law. The Supreme Court has explained that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the

5

dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378. Thus, even if a settlement agreement arises in connection with a suit over which a federal court has jurisdiction, a motion to enforce the agreement after the case has been dismissed represents a separate action requiring its own basis for federal jurisdiction. The Second Circuit has applied this rule in the context of the FTCA specifically, holding that a post-dismissal motion to enforce a settlement agreement with the United States arising out of an FTCA claim requires an independent basis for jurisdiction. *Hendrickson*, 791 F.3d at 356, 362. Accordingly, the fact that the settlement agreement at issue here arose in the context of Mr. Ojo's FTCA suit does not create federal jurisdiction over a subsequent attempt to enforce the agreement.

Last, Mr. Ojo argues that I should assert jurisdiction over his motion based on "equitable estoppel principles," because the government "did not raise any concerns regarding the [c]ourt's jurisdiction" during settlement negotiations. Mot. Reconsideration ¶ V. Regardless of whether Mr. Ojo's characterization of the negotiations is accurate, equitable estoppel cannot provide a basis for jurisdiction. Subject matter jurisdiction concerns a court's power to hear a case, and, as such, "no action of the parties can confer subject[]matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Thus, "principles of estoppel do not apply" to subject matter jurisdiction. *Id*. I therefore cannot invoke equitable estoppel to assert jurisdiction over Mr. Ojo's motion.

### III. Decision Not to Transfer

Mr. Ojo next argues that I should reconsider my decision not to transfer this matter to the Court of Federal Claims, on the grounds that his claim is not frivolous and transfer would serve the interest of judicial efficacy. Mot. Reconsideration ¶¶ III, VI, VII.

Federal law instructs that, where a federal court lacks jurisdiction over a claim, it should transfer the action to a court with jurisdiction, provided the transfer "is in the interest of justice." 28 U.S.C. § 1631. The decision to transfer a case "lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993). "When considering whether a transfer would serve the interest of justice, [a court] must weigh the equities of dismissing a claim when it could be transferred." *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quotation omitted). "Whether or not the suit has any possible merit bears significantly on whether the court should transfer, and if it does not, the court should not waste the time of another court by transferring it." *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2d Cir. 2006) (quotation omitted).

Mr. Ojo argues that his motion has merit because he alleges that the government violated his Fifth Amendment rights by failing to provide him with notice and an opportunity to dispute the offset, as required by the Treasury Offset Program. Mot. Reconsideration ¶¶ III, VII; Pl.'s Decl. in Supp. ¶ 9, ECF No 117-2.[1] Although not entirely clear, I understand Mr. Ojo to be invoking 31 U.S.C. § 3716, which requires federal agencies to provide advance notice of administrative offsets. 31 U.S.C. §§ 3716(a), (c)(7)(A); 3711. In its opposition to Mr. Ojo's motion for an order to show cause, the government disputed Mr. Ojo's allegation that it failed to provide him with the requisite

---

[1] Although Mr. Ojo does not raise this argument in his reconsideration motion, his original motion also disputed the offset on the grounds that no criminal judgment of restitution was ever imposed against him. Pl.'s Mem. Supp. Order to Show Cause 1–2. This assertion is demonstrably false. *United States v. Ojo*, No. 13-CR-334, Criminal Judgment 6 (ordering restitution in the amount of $92,152); *id.*, Sentencing Tr. 42:7-9, 18-20, ECF No. 78 (explaining that restitution judgment was required). And regardless, any challenge to Mr. Ojo's criminal sentence is improperly raised in an action to enforce the settlement agreement in his civil case. *See Stegemann v. Rensselaer Cnty. Sheriff's Off.*, No. 20-CV-3316, 2021 WL 5492966, at *2 (2d Cir. Nov. 23, 2021) ("[I]f a judgment in the plaintiff's favor would 'necessarily imply the invalidity of his conviction or sentence,' the [civil] complaint must be dismissed." (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); *Duronio v. Werlinger*, 454 F. App'x 71, 72 (3d Cir. 2011) (concluding that a civil action was not the "proper path" for a challenge to a district court's "restitution plan").

notice of the offset. *See* Gov't Opp. 7, ECF No. 122. Even taking this allegation as true, however, it does not appear that Mr. Ojo would be entitled to the return of his settlement award were I to transfer the matter. The Court of Federal Claims has specifically held that neither the Fifth Amendment nor the statutory requirements of § 3716 entitle a plaintiff to money damages. *Wilburn v. United States*, 103 Fed. Cl. 495, 499 (2011). Additionally, the court has noted that even if a plaintiff were entitled to the return of offset funds through a money judgment, the government would still be required to apply the judgment against the plaintiff's outstanding debts. *Greene v. United States*, 124 Fed. Cl. 636, 645 (2015); 31 U.S.C. § 3728 ("The Secretary of the Treasury *shall* withhold paying that part of a judgment against the United States Government presented to the Secretary that is equal to a debt the plaintiff owes the Government) (emphasis added)). The Court of Federal Claims has therefore determined that granting relief in such cases "would be futile." *Greene*, 124 Fed. Cl. 645 (2015).

Given this case law, I do not believe that transferring Mr. Ojo's case would serve the interest of judicial efficacy, or otherwise be "in the interest of justice." Mr. Ojo may file a claim in the Court of Federal Claims if he so chooses.

## CONCLUSION

For the reasons above, Mr. Ojo's motion for reconsideration is denied.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:   May 6, 2024
         Brooklyn, New York

8