UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OLUKAYODE DAVID OJO,

           *Plaintiff*,

-against-

UNITED STATES OF AMERICA, WARDEN FRANK STRADA, and ASST. WARDEN WHITE,

           *Defendants*.

15-CV-6089 (ARR) (LB)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff, Olukayode David Ojo, has submitted a second motion seeking reconsideration of my December 18, 2023 Order adopting Magistrate Judge Lois Bloom's Report and Recommendations and denying Mr. Ojo's motion to enforce his settlement agreement with the United States. *See* Op. & Order, ECF No. 130. In his second pro se motion for reconsideration, Mr. Ojo argues that I should vacate my September 6, 2019 dismissal of the case pursuant to Federal Rule of Civil Procedure 60 because he was not aware at the time of the dismissal that this court would not retain jurisdiction to enforce his settlement agreement with the government, and because the court failed to advise him as to this fact. *See* Second Mot. Reconsideration 1–3 ("Mot."), ECF No. 133. For the following reasons, the motion is denied.

First, Mr. Ojo's motion is untimely. The motion is properly construed as a request for relief from judgment pursuant to Rule 60(b)(1) for "mistake" or "surprise," and/or Rule 60(b)(3) for "fraud" or "misrepresentation."[1] A motion for relief under Rule 60(b)(1) or (b)(3) must be filed "a

---

[1] Because these provisions apply here, the motion does not fall under the catchall provision of Rule 60(b)(6) for relief based on "any other reason that justifies relief." *See PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 898 (2d Cir. 1983) (stating that the "umbrella provision" of Rule 60(b)(6) "is

year after the entry of the judgment." Rule 60(c). Here, Mr. Ojo seeks relief from the judgment in my September 6, 2019 order dismissing the action. *See* Order of Dismissal 2, ECF No. 112; Mot. 4 (requesting that I "vacate the judgment dismissing the case with prejudice"). Thus, the judgment at issue is my September 6, 2019 order. The instant motion, filed May 20, 2024, is therefore untimely. *See also* R. & R. 4, ECF No. 124 (explaining that Mr. Ojo's prior Rule 60(b) motion was also untimely).

Second, even if Mr. Ojo's motion were timely, he has not demonstrated that he is entitled to relief from judgment due to his mistaken belief that this court would retain jurisdiction to enforce the settlement agreement. "Because of the extraordinary nature of the remedy, evidence in support of a motion under Rule 60 must be highly convincing." *Best v. Schecter*, No. 12-CV-6142 (NGG) (SG), 2018 WL 4635726, at *2 (E.D.N.Y. Feb. 22, 2018) (quotation omitted), *report and recommendation adopted sub nom. Best v. Barbarotta*, 2018 WL 3970886 (E.D.N.Y. Aug. 20, 2018), *aff'd*, 790 F. App'x 336 (2d Cir. 2020). Pro se litigants like Mr. Ojo are not "excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion." *Gil v. Vogilano*, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001) (quotation omitted).

Multiple federal courts have concluded that a party's mistaken belief that the court would retain jurisdiction over a settlement agreement does not warrant relief from judgment under Rule 60(b). *See, e.g.*, *Willis v. Devere*, No. 09-CV-1703, 2014 WL 3749371, at *1–2 (E.D. Cal. July 29, 2014) (denying relief based on "[p]laintiff's mistake in the judicial process, when he signed the stipulation for dismissal under the mistaken belief that the court would retain jurisdiction of the settlement contract"); *Jihad v. Fabian*, No. 09-CV-1604, 2013 WL 5745826, at *4 (D. Minn. Oct. 23, 2013) ("Plaintiff's mistaken impression . . . [concerning] his ability to enforce the terms of the

---

applicable only where the more specific provisions do not apply").

settlement . . . does not warrant relief under Rule 60(b)."); *see also E-Z Load Gate, Inc. v. Am. Moto Prod., Inc.*, No. 6:07-CV-1962, 2009 WL 3246414, at *4 (M.D. Fla. Oct. 6, 2009) ("Plaintiff's speculative argument regarding the original intent of the parties to retain the jurisdiction of the Court, standing alone, is insufficient to warrant . . . a compromise of finality.").

Mr. Ojo does not provide countervailing case law to support his position; in fact, many of the cases on which he relies do not actually contain the language he quotes and are otherwise unrelated to Rule 60 relief or settlement agreements. *See* Mot. 2–3 (misquoting *Willey v. Kirkpatrick*, 801 F.3d 51, 66 (2d Cir. 2015); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); and *Patel v. Shearson Lehman Hutton, Inc.* (incorrect citation given)). Even if these cases did contain the generally correct proposition that settlement agreements must be entered into knowingly and voluntarily to be enforceable, *see Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 141–42 (E.D.N.Y. 2015), Mr. Ojo has not offered any binding caselaw suggesting that a litigant's mistaken belief regarding jurisdiction to enforce a settlement agreement can render that agreement involuntary or one entered into unknowingly.

For these reasons, Mr. Ojo's second motion for reconsideration is denied.

/s/
Allyne R. Ross
United States District Judge

Dated:   July 25, 2024
         Brooklyn, New York

3